UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI DALE LASTER, JR., | No. 2:25-cv-0440 CSK P |
| Petitioner, | |
| v. | ORDER |
| USA, | |
| Respondent. | |

Petitioner is a county jail inmate proceeding pro se. This action was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). On February 11, 2025, petitioner was ordered to file an affidavit to proceed in forma pauperis or pay the court's filing fee. (ECF No. 3.) On February 13, 2025, petitioner filed a request for the Court to use the application to proceed in forma pauperis form previously submitted. (ECF No. 6.) But petitioner subsequently filed applications to proceed in forma pauperis, and a trust account statement. (ECF Nos. 7, 9 at 6, 10, 19.) Thus, his February 13, 2025 request is denied as moot. (ECF No. 6.)

Examination of the affidavits reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

On February 25, 2025, petitioner filed a second amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 18.) As discussed below, petitioner's second amended petition is dismissed with leave to amend.

I.   THE § 2254 PETITION

   A.  Standards Governing § 2254 Petitions

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. Rule 2 of the Rules Governing Section 2254 Cases provides that the petition: "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c), R. Gov. § 2254 Cases. Petitioner must also clearly state the relief sought in the petition. Id. Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Advisory Comm. Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).

   B.  Discussion

Petitioner provides contradictory information in the second amended petition. Petitioner first claims he is in custody for a criminal conviction, and alleges he was set up.[1] (ECF No. 18 at 2, 3.) But petitioner does not identify the conviction or provide the date he was sentenced.[2] The second amended petition fails to comply with Rule 2(c), Rules Governing Section 2254 Cases. Therefore, the second amended § 2254 petition is dismissed with leave to amend. Rule 4, Rules

---

[1] Petitioner claims he needs a civil court date to prove his innocence. However, if petitioner is awaiting trial, he will be given an opportunity to provide a defense at trial. If petitioner has been convicted, he may challenge his conviction on appeal in state court, or, after he has exhausted state court remedies, he may file a petition for writ of habeas corpus under 28 U.S.C. § 2254 in federal court.

[2] Butte County Superior Court records confirm that petitioner has sustained felony convictions. The court may take judicial notice of facts that are "not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the Butte County Superior Court is https://portal-cabutte.tylertech.cloud/Portal/Home/Dashboard/29 (accessed Mar. 5, 2025).

Gov. § 2254 Cases. If petitioner chooses to file a third amended petition under § 2254, challenging a criminal conviction or sentence, petitioner must provide the date he was convicted or sentenced, and set forth each claim for relief and summarize the facts he alleges support each of the identified claims.

II.    POTENTIAL § 2241 PETITION

   A. Standards Governing § 2241 Petitions

Title 28 U.S.C. § 2254 governs federal habeas corpus challenges to final state criminal judgments, while § 2241 governs challenges of pretrial detainees in currently-pending cases with no final judgments. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). Rule 1(b) of the Rules Governing Section 2254 Cases provides that "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)," such as a § 2241 case.

   B. Discussion

Petitioner also claims he pled not guilty, and is awaiting trial.[3]  (ECF No. 18 at 2.)

In Younger v. Harris, the Supreme Court held that when there is a pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution absent special or extraordinary circumstances. 401 U.S. 37, 45 (1971). The Ninth Circuit has "articulated a four-part test to determine when Younger requires that federal courts abstain from adjudicating cases that would enjoin or risk interfering with pending state-court proceedings." Duke v. Gastelo, 64 F.4th 1088, 1094 (9th Cir. 2023). "Younger abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicate[s] important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seek[s] to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (alterations in original) (internal quotation marks and citation omitted). All four requirements must be met to find abstention appropriate. Duke, 64 F.4th at 1094. But even if all four Younger factors are

---

[3] Butte County Superior Court records also confirm that petitioner is awaiting trial on felony charges. People v. Levi Dale Laster, Jr., No. 24CF04225.

satisfied, federal courts will not invoke the abstention doctrine if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982).

Review of the second amended petition as well as petitioner's pending criminal charges in the Butte County Superior Court confirm that all four Younger factors are satisfied. There is an ongoing state criminal prosecution, which implicates important state interests. There is an adequate opportunity in petitioner's state criminal proceedings, whether at the trial level or on appeal, to raise constitutional challenges. See Penzoil Co. v. Texaco, 481 U.S. 1, 15 (1987) (holding that federal courts should assume that state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary"). Petitioner's presumptive relief, release from custody, would enjoin the ongoing state criminal prosecution. Petitioner includes no facts or evidence suggesting he can demonstrate extraordinary circumstances render Younger abstention inappropriate.

Thus, if petitioner is attempting to challenge his pending criminal charges, based on the second amended petition alone, this Court would have to abstain from considering such a challenge. However, because petitioner's allegations in the second amended petition are contradictory, and petitioner has not previously been provided guidance concerning his potential claims, the second amended petition is dismissed, and petitioner is granted leave to file a third amended petition that clarifies what he is attempting to challenge by way of this federal habeas action. If petitioner is attempting to challenge the pending criminal charges against him, petitioner must file his third amended petition on the form for pursuing habeas relief under 28 U.S.C. § 2241, and must demonstrate extraordinary circumstances render Younger abstention inappropriate.

III.   SUBSEQUENT FILINGS BY PETITIONER

Since this action was filed on January 6, 2025, petitioner has filed over eleven documents, some of which were improper and duplicative, and others were premature. For example, he prematurely filed witness lists, subpoenas, and a motion for extension of time. (ECF Nos. 8, 13, 14, 17, 18-1.) At the time he sought an extension of time, there was no deadline that required an

1 extension of time. (ECF No. 17.) As a pro se litigant, petitioner must keep track of his own cases
2 and deadlines, and should not seek a prospective extension of time "if it's needed." (ECF No. 17
3 at 2.) To the extent petitioner seeks issuance of subpoenas, such request is denied as premature.
4 (ECF Nos. 13, 18-1.) In addition, on February 7, 2025, petitioner filed 97 pages of miscellaneous
5 documents, including some stamped by the Butte County Superior Court, without any explanation
6 for their purpose, and on February 14, 2025, petitioner submitted a five page letter with a copy of
7 his trust account statement, but then included 30 additional pages of documents, including lists of
8 all presidents and vice presidents of the United States. (ECF Nos. 4, 9.) Petitioner is advised that
9 the Court is not a repository for petitioner's evidence or other unrelated documents. Also,
10 petitioner is not required to append exhibits to his third amended petition. In the future, petitioner
11 must refrain from filing random documents in this case. Rather, petitioner should wait for an
12 appropriate motion or Court order to be filed that either requires petitioner to submit an exhibit in
13 support of an opposition to the motion or in response to a Court order. **Petitioner is formally**
14 **cautioned that a litigant proceeding in forma pauperis may suffer restricted access to the**
15 **court where it is determined that he has filed excessive motions in a pending action.** DeLong
16 v. Hennessey, 912 F.2d 1144 (9th Cir. 1990); see also Tripati v. Beaman, 878 F.2d 351, 352 (10th
17 Cir. 1989). **Petitioner's filings have presented a significant drain on Court resources.[4]**
18 **Thus, petitioner is cautioned that this Court views the number of documents filed to date as**
19 **excessive and consideration will be given to restricted court access if petitioner does not**
20 **exercise appropriate restraint going forward.**
21 IV.   CONCLUSION
22         Accordingly, IT IS HEREBY ORDERED that:
23         1. Petitioner's request to use an earlier-submitted application to proceed in forma
24 pauperis (ECF No. 6) is denied as moot.
25         2. Petitioner's requests for leave to proceed in forma pauperis (ECF Nos. 7, 10, 16, 19)
26 are granted.

---

[4] "Judges in the Eastern District of California carry the heaviest caseloads in the nation." Cortez
28 v. City of Porterville, 5 F. Supp. 3d 1160, 1162 (E.D. Cal. 2014).

3. Petitioner's requests for issuance of subpoenas are denied. (ECF Nos. 13, 18-1.)

4. Petitioner's second amended petition for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order.

5. Any third amended petition must bear the case number assigned to this action and the title "Third Amended Petition."

6. The Clerk of the Court is directed to send petitioner the court's form application for writ of habeas corpus under 28 U.S.C. § 2241.

7. Failure to file a third amended petition will result in a recommendation that this action be dismissed.

Dated: March 7, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/last0440.114