UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI DALE LASTER, JR., | No. 2:25-cv-0440 CSK P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| USA, | |
| Respondent. | |

Petitioner is a county jail inmate proceeding pro se and in forma pauperis. This action was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). On March 9, 2025, petitioner's second amended petition was dismissed, and he was granted thirty days to file a third amended petition. On March 17, 2025, petitioner filed a third amended petition for writ of habeas corpus seeking relief under 28 U.S.C. § 2241. As discussed below, petitioner's third amended petition should be dismissed without leave to amend.

I.      GOVERNING STANDARDS

The Court is required to screen all habeas petitions upon filing, and to summarily dismiss "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases. Petitions brought pursuant to Section 2241 may be subjected to the same screening requirements. See Rule 1(b) (a district court may "apply any or all of these rules" to any habeas petition); see also Bostic v.

1

Carlson, 884 F.2d 1267, 1269-70 (9th Cir. 1989) (affirming district court's dismissal of a Section 2241 petition under Habeas Rules 1(b) and 4). Accordingly, whether petitioner is in custody pursuant to a state court judgment and thus seeking relief under 28 U.S.C. § 2254, or is in pre-judgment custody and seeking relief under 28 U.S.C. § 2241, this case must be summarily dismissed if it plainly appears from his pleadings that petitioner is not entitled to relief.

II.     THIRD AMENDED PETITION

Petitioner clarifies that he is a pretrial detainee awaiting trial and facing criminal charges pending against him.[1] (ECF No. 25 at 1, 3.) Petitioner contends he needs a civil hearing date to beat his criminal charges, prove his innocence, and get a new liver before he dies in the Butte County Jail. (Id. at 5, 6, 15.) Petitioner claims he did not want to plead to the charges, and only pled incompetence to "slow down time because petitioner does not want to go back to jail." (Id. at 4.) Petitioner claims he wants to sue the USA to prove ownership of "military prison builder 3." (Id. at 3.) Petitioner's allegations concerning military prisons and the military prison computer are unclear. (Id. at 4.) Petitioner confirms he is represented by counsel in his criminal proceedings. (Id. at 7.)

III.    YOUNGER ABSTENTION

In Younger v. Harris, the Supreme Court held that when there is a pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution absent special or extraordinary circumstances. 401 U.S. 37, 45 (1971). The Ninth Circuit has "articulated a four-part test to determine when Younger requires that federal courts abstain from adjudicating cases that would enjoin or risk interfering with pending state-court proceedings." Duke v. Gastelo, 64

---

[1] Butte County Superior Court records confirm that petitioner is awaiting trial on felony charges. People v. Levi Dale Laster, Jr., No. 24CF04225. The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the Butte County Superior Court is https://portal-cabutte.tylertech.cloud/Portal/Home/Dashboard/29 (accessed Mar. 19, 2025).

F.4th 1088, 1094 (9th Cir. 2023). "Younger abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicate[s] important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seek[s] to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (alterations in original) (internal quotation marks and citation omitted). All four factors must be met to find abstention appropriate. Duke, 64 F.4th at 1094. But even if all four Younger factors are satisfied, federal courts will not invoke the abstention doctrine if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982).

IV. DISCUSSION

Petitioner's proceedings in the Butte County Superior Court are ongoing, which implicate important state interests, meeting the first two factors under Younger. As to the third factor, petitioner has an attorney in those state court proceedings, and there is no allegation that the attorney will be unable to raise any constitutional claims in the pending state criminal case. See Penzoil Co. v. Texaco, 481 U.S. 1, 15 (1987) (holding that federal courts should assume that state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary"). Finally, petitioner's presumptive relief, release from custody, would enjoin the ongoing state criminal prosecution, meeting the fourth Younger factor. Thus, all four factors under Younger are met. Further, petitioner includes no facts or evidence demonstrating that extraordinary circumstances warrant this Court's interference with the Butte County Superior Court proceedings.

Because the Younger abstention doctrine applies, the Court recommends that this action be dismissed without prejudice.

V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case.

Further, IT IS RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 19, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/last0440.156