UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI DALE LASTER, JR.<br><br>　　　　Petitioner,<br><br>　　v.<br><br>USA,<br><br>　　　　Respondent. | No. 2:25-CV-00440-DC-CSK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS PETITION<br><br>(Doc. No. 27) |

Petitioner Levi Dale Laster, Jr. is a county jail pretrial detainee proceeding *pro se* and *in forma pauperis*, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 20, 2025, the assigned magistrate judge issued findings and recommendations recommending Petitioner's third amended petition for writ of habeas corpus be dismissed without prejudice based on *Younger v. Harris*, 401 U.S. 37 (1971). (Doc. No. 27.) The findings and recommendations were served on Petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id*. at 4.)

On March 24, 2025, Petitioner filed objections to the pending findings and recommendations. (Doc. No. 29.) Petitioner filed supplemental briefing in support of his petition and a motion to be released into the President's custody. (Doc. Nos. 28, 30–31.) In his objections,

Petitioner does not respond to the magistrate's judge's recommendation that this case should be dismissed based on *Younger* abstention. (Doc. No. 29.) Instead, Petitioner asks the court to intervene in his pending state court criminal case. (*Id*.) Accordingly, the court finds Petitioner's objections and additional filings provide no basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Having concluded that the pending petition must be dismissed, the court also declines to issue a certificate of appealability. A petitioner seeking a writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. See 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed to be debatable or wrong. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on March 20, 2025 (Doc. No. 27) are ADOPTED in full;

2. The third amended petition for writ of habeas corpus (Doc. No. 25) is dismissed without prejudice;

3. The court declines to issue a certificate of appealability;

4. Petitioner's motion for release into the President's custody (Doc. No. 28) is DENIED as moot; and

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 10, 2025**

Dena Coggins
United States District Judge

3